**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM F. WOOD, JR. *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 07 C 5418 |
| ) | |
| v. ) | Honorable David H. Coar |
| ) | |
| CITY OF ELGIN, ) | Magistrate Judge Jeffrey Cole |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant, City of Elgin ("City"), pursuant to Fed. R. Civ. Pro. 12(b)(6), moves for dismissal of Plaintiffs' Complaint with prejudice.

In support of its Motion, the City states as follows:

1. Plaintiffs have filed a lawsuit alleging a violation of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 201 *et seq*. (the Complaint was filed in state court but timely removed by the City). A copy of the Complaint (without the consent forms) is attached to this motion.

2. Plaintiffs claim that the City has violated the FLSA by failing to pay them one and one-half times their regular rate of pay for hours worked in excess of 40 per week. Specifically, they claim that they "were required and did work 41.25 hours per week [.25 hours per day for a training period] for which they were paid at straight time hourly rates and not at the overtime rate of pay as to the 1.25 hours over the 40 hour week." Complt. ¶ 12.

3. Plaintiffs' claim is premised on a legally flawed understanding and application of the FLSA.

4. As expressly reflected in collective bargaining agreements between the City and the union which represents Plaintiffs for purposes of collective bargaining (the agreements are

expressly referenced in paragraph 11 of Plaintiffs' Complaint), the City has established a "work period" between 7 and 28 days.

5. Pursuant to Section 7(k) of the FLSA, 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230(b), such a "work period" allows the City to pay overtime compensation at a higher threshold than 40 hours per week.

6. The collective bargaining agreements establish a "work period" not to exceed 14 days, which means that the City is obligated to pay overtime compensation only for hours worked in excess of 86 hours per "work period." *See* 29 C.F.R. § 553.230. Thus, the premise of Plaintiffs' Complaint – *i.e.*, that the City must pay overtime compensation beginning at 40 hours – is incorrect. Because there is no allegation that the City does not pay overtime compensation for hours worked in excess of 86 per "work period" – and because there cannot be as the collective bargaining agreements trigger overtime compensation at 41.25 hours per week – there is no FLSA violation in Plaintiffs' Complaint.

7. For these reasons, Plaintiffs' Complaint fails as a matter of law.

## RELIEF REQUESTED

The City requests that Plaintiffs' Complaint be dismissed with prejudice.

| | |
|---|---|
| **Date: October 1, 2007** | Respectfully submitted,<br>**CITY OF ELGIN** |
| | By   s/James J. Powers<br>         One of Its Attorneys |

Thomas J. Piskorski
James J. Powers
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

**CERTIFICATE OF SERVICE**

      The undersigned attorney certified that he caused a true and correct copy of the foregoing Defendant's Motion to Dismiss Plaintiffs' Complaint to be served upon the following individuals:

      Craig S. Mielke
      Timothy D. O'Neill
      Foote, Meyers, Mielke & Flowers, LLC
      28 South First Street, Suite 2
      Geneva, Illinois 60134

by sending the same via electronic filing and in a postage-prepaid envelope in the U.S. Mail on this 1st day of October, 2007.

                                                          s/James J. Powers