IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM F. WOOD, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 07 C 05418 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| CITY OF ELGIN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Several police officers ("Plaintiffs") brought a consolidated action in Illinois state court against their employer, the City of Elgin ("Defendant") for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"). Based upon 28 U.S.C. §§ 1441 and 1446, the action was removed to this Court. Before the Court now is Defendant's Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below the motion is DENIED.

**FACTUAL BACKGROUND**[1]

Defendant is a municipal corporation located within the State of Illinois. Defendant employs its own local law enforcement officers, the Plaintiffs, as well as other municipal

---

[1] With the exception of the maximum fourteen day work period, these facts have been taken from the Plaintiffs' Complaint and, for the purposes of this motion, are assumed to be true with all reasonable inferences made in favor of the Plaintiffs. *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). The maximum fourteen day work period was derived from the CBA, attached to Elgin's motion to dismiss. Review of the CBA was proper and does not convert this motion to one arising under Federal Rule of Civil Procedure 56 because the CBA was referred to in the Complaint and is central to the Plaintiffs' claim. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

-1-

employees. Plaintiffs are members of a union called the Policemen's Benevolent Protective Association Unit 54 (the "Union"), which has been designated as their sole and exclusive bargaining agent for the purposes of establishing wages, hours of work, and other conditions of employment. Defendant and the union entered into a collective bargaining agreement[2] ("CBA") that governs the employment relationship between Plaintiffs and Defendant. The CBA provides that a "normal work period... shall not exceed fourteen (14) days" and that a normal work week shall constitute a 41.25 hour work week consisting of daily shifts of eight hours of work and a fifteen minute training period. From January 1, 2005, the date the CBA went into effect, until present, Plaintiffs have worked the 41.25 hour work weeks. Yet, Plaintiffs have not been paid at an overtime rate for the 1.25 hour beyond the standard forty hour work week established by section 207(a) of the FLSA. Thus, Plaintiffs are suing Defendant for violating the FLSA and they seek unpaid overtime wages and reasonable attorneys' fees.

### STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in the complaint as true. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed pursuant to Rule 12(b)(6) unless it fails it provide fair notice of what the claim is and the grounds upon which it rests or it is apparent from the face of the complaint that under no plausible facts may relief be granted. *St. John's*

---

[2] There is actually more than one collective bargaining agreement at issue here. For simplicity, the Court refers to a single CBA because the relative provisions of each agreement are identical.

*United Church of Christ v. City of Chicago*, 502 F.3d 616, 625.  All reasonable inferences are to be drawn in favor of the plaintiff.  *Gastineau v. Fleet Mortg. Corp.,* 137 F.3d 490, 493 (7th Cir. 1998) (citation omitted).

## ANALYSIS

The FLSA imposes a general obligation on employers to pay overtime compensation for work performed in excess of forty hours per week.  Title 29 U.S.C. § 207(a) states as follows:

> (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> (2) No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, and who in such workweek is brought within the purview of this subsection by the amendments made to this chapter by the Fair Labor Standards Amendments of 1966—
> > (A) for a workweek longer than forty-four hours during the first year from the effective date of the Fair Labor Standards Amendments of 1966,
> > (B) for a workweek longer than forty-two hours during the second year from such date, or
> > (C) for a workweek longer than forty hours after the expiration of the second year from such date,
>
> unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

The FLSA does exempt a public agency from the statute's general requirements and allows such an employer to follow different overtime compensation schemes for its firefighters and law enforcement officers when and if there is an established "work period" that satisfies certain other statutory criteria.  29 U.S.C. § 207(k).  Although Plaintiffs' Complaint makes no

mention of a work period or § 207(k) of the FLSA, Defendant claims such an alternative overtime compensation scheme exists for the Plaintiffs, as evidenced by the CBA, and that it is therefore exempt from the requirements of § 207(a) and under no set of facts can Plaintiffs establish Defendant violated the FLSA.

The term "work period" is not defined by the FLSA. However, the Department of Labor has promulgated regulations that define a "work period" as follows:

> As used in section 7(k) [of the FLSA], the term "work period" refers to any established and regularly recurring period of work which, under the terms of the Act and legislative history, cannot be less than 7 consecutive days nor more than 28 consecutive days. Except for this limitation, the work period can be of any length, *and it need not coincide with the duty cycle or pay period or with a particular day of the week or hour of the day*.

29 C.F.R. § 553.224 (emphasis added). Whether an employer has established a "work period" that qualifies for an exemption under § 207(k) of the FLSA is not normally a question that can be disposed of at this stage of litigation due to the absence of a factual basis before the court. *See Barefield v. Village of Winnetka*, 81 F.3d 704, 710 (7th Cir. 1996). Also, the existence of an exemption under the FLSA has been held to be a matter of affirmative defense that the employer has the burden of proving, *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974), and generally complaints need not anticipate or attempt to repel potential affirmative defenses. *Doe v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005). However, if it is apparent from the face of the complaint (and any supporting documents properly before the court) that no facts can be presented to contradict the existence of the § 207(k) "work period," then dismissal may be appropriate.

The CBA provides that what it terms a "normal work period" shall in no circumstances exceed fourteen days. It states in relevant part: "The normal work period of employees assigned

to work on a twenty-four (24) hour shift operation (herein called "shift employees"), shall not exceed fourteen (14) days. The normal work hours shall be based on an average forty-one and one-quarter (41-1/4) hour work week consisting daily of an average eight (8) hour shift assignment and an average one-quarter (1/4) hour training period." It also provides that "shift employees" shall be paid overtime based on a 41.25 hour average *work week*.

Defendant contends that the CBA conclusively establishes the existence of a work period that satisfies § 207(k) in two ways. First, it establishes the normal work period cannot be more than fourteen days. Second, the CBA's references to the hourly *average per workweek* and the basis for their overtime pay establish that the Plaintiffs work in weeks, i.e. seven day work periods.

Neither of those CBA provisions conclusively prove the existence of a § 207(k) "work period" though. First, while the CBA provides an explicit maximum amount of days that can make up a work period, it does not provide a minimum amount. Therefore, a work period contemplated by the CBA can be from one day up until fourteen days. Section 207(k) clearly instructs that any work period less than seven days will not qualify for the exemption to § 207(a). Second, Section 553.224 of the DOL regulations explains that the § 207(k) "work period" need not coincide with the duty cycle or pay period or with a particular day of the week or hour of the day. Thus, the CBA's references to the hourly *average per workweek* and the basis for their overtime pay is not in and of itself determinative of the duration of the § 207(k) "work period."

Plaintiffs have requested this Court to consider an affidavit submitted by one of the Plaintiffs, William F. Wood, Jr., concerning a purported absence of a work period under the

FLSA in deciding the motion to dismiss. Plaintiffs propose that this Court treat the 12(b)(6) motion as a motion for summary judgment. The Court assumes that the Defendant approves of Plaintiffs' suggestion because the Defendant has submitted another extraneous document it wishes the Court to consider- a copy of an email transmission in which Plaintiffs consent to the editing of the affidavit to change the term "calendar month" to "28 day". Taking into account the substitution of "28 day" for "calender month," the relevant passages of Officer Wood, Jr.'s affidavit would read as follows:

> 2. The work schedules are done on a 28 day basis.
> ...
> 4. The city has never established a work period of 14 days or any lesser number of days. To the extent that the system utilized by the City Police Department has anything resembling a work period it would be 28 days.

Although these documents are discussed below, the Court declines to convert the motion to dismiss into a summary judgment motion. A court will usually only convert a motion to dismiss into a motion for summary judgment when there are matters outside the pleadings at issue bearing on the existence of an affirmative defense and such conversion is in the interest of judicial economy.

Were this Court to convert the motion and accept Officer Wood's revised affidavit and the email transmission into evidence, Defendant would still not be able to prove the existence of a § 207(k) "work period" for the following two reasons. First, the affidavit does not contain an admission that the officers worked in 28 day "work periods" under § 207(k). The affidavit merely states that the "work schedules are done on a [28 day] basis" and that "[t]o the extent that the system utilized by the [Defendant] has anything resembling a work period it would be a [28 day] basis." Plaintiff Woods' first

statement references a work schedule, not a "work period". As discussed above, the two are not necessarily the same under the DOL regulations. Furthermore, there is nothing in the CBA or any other document before the Court that conclusively demonstrates the work schedule referenced in the affidavit is to be treated as a "work period".[3] Woods' second statement can hardly be characterized as an admission of fact either. It reads more like a sarcastic jab intended by its author to highlight the absurdity of the Defendant's position rather than to admit that there is in fact a 28 day work period applicable to the Plaintiffs.

The second reason why the revised affidavit would not assist Defendant in securing summary judgment is that the CBA unambiguously sets the normal work period at no more than fourteen days, not twenty eight days. The fourteen day maximum contradicts any assertion by either Officer Woods or Defendant that the applicable work period is twenty eight days. In fact, after reading Defendant's memorandum and reply in support of its motion to dismiss, it is not at all clear that the Defendant has ever actually described the discrete duration of the work period it applies to its officers. A § 207(k) "work period" must be of some discernable finite length within seven through twenty eight continuous days. *See* 29 C.F.R. § 553.224.

**CONCLUSION**

Defendant's evidence merely indicates to this Court that the work period mentioned by the CBA can last anywhere from one day up until fourteen days, or possibly 28 days. A work period must be from seven until twenty eight consecutive days

---

[3] Similarly, the affidavit does not establish the absence of a 14 day or 7 day work period either.

to fall within the exemption provided by § 207(k) of the FLSA.  Since Defendant has failed to show that Plaintiffs cannot prove any facts that would entitle them to relief under the FLSA, the 12(b)(6) motion fails.  For the reasons stated above, the Defendant's Motion to Dismiss is DENIED.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **January 14, 2008**