IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM F. WOOD, JR., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 07 C 05418 ) ) HONORABLE DAVID H. COAR |
| CITY OF ELGIN, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Several police officers ("Plaintiffs") brought a consolidated action in Illinois state court against their employer, the City of Elgin ("City") for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"). Based upon 28 U.S.C. §§ 1441 and 1446, the action was removed to this Court. Before the Court now is Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on three grounds: 1) the City has implemented a 28-day "work period," which avails it to the FLSA overtime exemption at 29 U.S.C. § 207(k); (2) the City provides Plaintiffs a paid work break of forty minutes per day, which reduces the duration of each work shift to under eight hours a day; and (3) Plaintiffs' lawsuit is barred by the common law doctrine of laches. For the reasons stated below, the motion is GRANTED with respect to the first basis and DENIED with respect to the other two.

# BACKGROUND[1]

The City is a municipal corporation located within the State of Illinois. The City employs its own local law enforcement officers, the Plaintiffs, as well as other municipal employees. Plaintiffs are all current employees of the City, holding either the rank of Patrol Officer or Sergeant in the City's Police Department. Plaintiffs are also members of a union called the Policemen's Benevolent Protective Association Unit 54 (the "Union"), which has been designated as their sole and exclusive bargaining agent for the purposes of establishing wages, hours of work, and other conditions of employment.

The City and the Union entered into a collective bargaining agreement[2] ("CBA") that governs the employment relationship between Plaintiffs and the City. The CBA provides that a "normal work period... shall not exceed fourteen (14) days" and that a normal work week shall constitute a 41.25 hour work week consisting of daily shifts of eight hours of work and a fifteen minute training period. From January 1, 2005, the date the CBA went into effect, until the present, Plaintiffs have worked the 41.25 hour work weeks. Plaintiffs have not been paid at an overtime rate for the 1.25 hour beyond the standard forty hour work week established by the FLSA. 29 U.S.C. § 207(a)(1); SOF ¶ 21. Instead, Plaintiffs are paid overtime for time worked beyond the daily 8.25 hour work shift and work on a regularly-scheduled day off. SOF ¶ 26-27. Thus, Plaintiffs are suing the City for violating the FLSA and they seek unpaid overtime wages,

---

[1] In response to Defendant's Local Rule 56.1 Statement of Material Facts As To Which There is No Genuine Dispute ("SOF"), Plaintiffs stated simply that they "do not disagree with any of the 79 statements of material fact as set forth by Defendant." Pl.'s Resp. to Def.'s Statement of Facts and Pl.'s Statement of Additional Facts 1. These 79 statements will therefore be treated as undisputed facts. Plaintiffs also offered four additional statements of fact, which will be addressed separately.

[2] There is actually more than one collective bargaining agreement at issue here. For simplicity, the Court refers to a single CBA because the relative provisions of each agreement are identical.

liquidated damages, and reasonable attorneys' fees.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts (a "scintilla of evidence" is insufficient) demonstrating that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 252; *see also Celotex*, 477 U.S. at 324. When reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003).

## ANALYSIS

**I.   The City has established that Plaintiffs work a 28-day "work period" subject to the overtime exemption at 29 U.S.C. § 207(k).**

The FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1). However, public agencies are exempted from the general overtime requirement with respect to firefighters and law enforcement officers when there is an established "work period" that satisfies certain statutory criteria. 29 U.S.C. § 207(k) (hereinafter "Section 7(k)").

The term "work period" is not defined by the FLSA. However, the Department of Labor has promulgated regulations that define a "work period" as follows:

> As used in section 7(k) [of the FLSA], the term "work period" refers to any *established* and *regularly recurring* period of work which, under the terms of the Act and legislative history, cannot be less than 7 consecutive days nor more than 28 consecutive days. Except for this limitation, the work period can be of any length, and it need not coincide with the duty cycle or pay period or with a particular day of the week or hour of the day.

29 C.F.R. § 553.224(a) (emphasis added). Employees under the purview of Section 7(k) are entitled to time and one-half pay only after they have worked more than 171 hours in a 28 day work period or approximately 43 hours in a 7 day work period. 29 U.S.C. § 207(k)(2).

A "work period" is not a talisman'; a public employer does not have to express a specific declaration of intent to fall within the Section 7(k) exception. *Barefield v. Village of Winnetka*, 81 F.3d 704, 710 (7th Cir. 1996). It need only demonstrate that it meets all the factual criteria for Section 7(k). *Id.* The issue, then, is whether the City "established" a work period of not less than 7 consecutive days nor more than 28 consecutive days, and if so, whether that work period was "regularly recurring." 29 C.F.R. § 553.224(a). If these criteria are met, the Section 7(k) exemption applies.

The existence of an exemption under the FLSA has been held to be a matter of affirmative defense that the employer has the burden of proving. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974). Whether an employer has established a "work period" that qualifies for an exemption under Section 7(k) of the FLSA is not normally a question that can be disposed of by a motion to dismiss due to the absence of a factual basis before the court. *See Barefield*, 81 F.3d at 710. However, summary judgment on the Section 7(k) exemption may be appropriate if the facts are uncontroverted and the plaintiffs concede that their actual work period meets the factual criteria to bring the municipality under the Section 7(k) exemption. *Id.*

Defendant argues that there is no genuine issue of material fact regarding the establishment of a regularly recurring work period of 28 consecutive days. The Court agrees.

### a. "Established"

All of the following facts with respect to Plaintiffs' work scheduling system are undisputed by Plaintiffs: the City issues work schedules to all Plaintiffs based on a 28-day calendar period, with twenty days of scheduled work and eight days off. SOF ¶ 18-19. Prior to the beginning of a 28-day calendar period, a Police Department official will contact his or her subordinate Plaintiffs, asking them to express their preference for eight non-work days in the upcoming 28-day calendar period. *Id.* After the official receives the non-work day preferences, he or she will construct a work schedule for the next 28-day calendar period by assigning each Plaintiff under his supervision to twenty work days and eight non-work days. These schedules are subsequently posted and/or distributed to Plaintiffs. SOF ¶ 20. On each work day that is listed on a 28-day schedule, the City requires Plaintiffs to work 8.25 hours. SOF ¶ 21. In any one 28-day calendar period, Plaintiffs are scheduled to work 165 hours. SOF ¶ 22. The periods follow each other in consecutive format. SOF ¶ 23. The City has scheduled Plaintiffs based on a 28-day calendar period for at least 24 years. SOF ¶ 24. These undisputed facts indicate that Plaintiffs actually work a schedule that falls within the work period defined by Section 7(k).[3]

---

[3] To be clear, all of the undisputed facts regard the establishment of a scheduling period. But under Section 7(k), the "work period" need not correspond to any scheduling period, a duty cycle, a pay period, or any other standard measure of work time. 29 C.F.R. § 553.224. A "work period" need be only "established" and "regularly recurring" for the purposes of accounting for overtime hours. *Id.* There is only one other restriction on the "work period":

Once the beginning and ending time of an employee's work period is established . . . it

Plaintiffs admit as much.

Plaintiffs nonetheless argue a question of fact exists as to whether a Section 7(k) schedule was established because the CBA states that a "normal work period . . . shall not exceed *fourteen* days" (emphasis added), which would be incompatible with the *28*-day work period that the City claims to have established. This is Plaintiffs' sole argument against the weight of the undisputed facts.[4] The question before the Court is *not* whether the CBA language entirely defeats the possibility of a Section 7(k) exemption, but whether it is sufficient to create a triable issue of fact

---

       remains fixed regardless of how many hours are worked within the period. The beginning
       and ending of the work period may be changed, provided that the change is intended to
       be permanent and is not designed to evade the overtime compensation requirements of
       the Act.

29 C.F.R. § 553.224(a). It is apparent from the language of the regulation that the motivating concern of the "work period" requirement is to commit the employer to a fixed period of time for calculating hours worked, so that the employer cannot randomly contract or expand an employee's schedule so that time-and-a-half hours are counted as regular pay hours. Once fixed, it matters not whether that "work period" corresponds to a duty cycle or pay period. In this case, the undisputed facts suggest that the "work period" for overtime accounting and the scheduling period were synonymous – 165 hours of work in a 28-day period – but they need not necessarily be so in all cases.

[4] Plaintiff also argues that the City *admitted*, through statements in its Motion to Dismiss, that the CBA states that the "work period" could not have exceeded fourteen days, and that factual admission creates a triable issue of fact with regard to the application of the Section 7(k) exemption. This argument is specious. First, the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the allegations in the complaint, for which the defendant must accept as true all of the allegations in the complaint. *See generally Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). Allegations that are assumed to be true for purposes of Rule 12(b)(6), such as the statements in Defendant's Memorandum of Law in Support of Its Motion to Dismiss that Plaintiffs included in their Rule 56.1 statement of facts, are not binding evidentiary admissions.

     Second, even if the statements were admissions, they would not affect the summary judgment determination. The statements would merely admit that "[the] Union and the City have explicitly agreed in the labor agreements to a time frame for a 'work period,' i.e., a period not to exceed fourteen days." The mere fact that the CBA contains the fourteen day time frames does not create a triable issue of fact, as discussed below.

regarding the establishment of a 28-day work period.

As the Seventh Circuit recently explained, "Summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (quotations omitted). The non-moving party must do more than "raise some metaphysical doubt as to the material facts," but rather must set out specific facts showing a genuine issue for trial. *Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006); Fed. R. Civ. P. 56(e). The "mere existence of a scintilla of evidence" is insufficient, *Anderson*, 477 U.S. at 252, yet Plaintiffs, by summoning only one unexplained phrase from the CBA to refute all of the contrary facts that they failed to dispute, have offered the Court only such a scintilla. Plaintiffs present no evidence regarding the meaning or application of the phrase in the CBA, e.g., what the term "normal work period" refers to – a duty cycle, a pay period, a scheduling period, or the "work period" as contemplated by the FLSA. Even if the CBA language was meant to reference the "work period" under Section 7(k), the undisputed facts show that the City's *actual* employment practices established a 28-day work period. Other courts have found similarly incongruous language in a bargaining agreement to be insufficient to create a triable issue of fact for purposes of summary judgment. *See, e.g.*, *Abbe v. City of San Diego*, No. 05 CV 1629, 2007 WL 4146696 (S.D. Cal. Nov. 9, 2007) (bargaining agreement's description of schedule as "five day work week" did not create triable issue of fact concerning Section 7(k) work period where undisputed facts showed that employees actually worked a seven-day work period).

Under these facts, the ultimate fact-finder could not decide in favor of the Plaintiffs: the

CBA's limitation of the "normal work period" to not more than fourteen days does not create a triable issue of fact concerning whether the City established a work schedule that is compliant with Section 7(k), where the undisputed facts show that the Plaintiffs actually and undisputedly worked on the basis of a 28-day "work period."

### b. "Regularly Recurring"

It is undisputed that each 28-day calendar period for the work scheduling follows the last in a consecutive format. SOF ¶ 18, 19, 23. Plaintiff has not alleged facts to show otherwise. Therefore, the City has met its burden of showing there is no triable issue of fact regarding whether the work period was "regularly recurring" within the meaning of Section 7(k) and 29 C.F.R. § 553.224(a). The Court finds that the City has established a regularly recurring work period of 28 days for the Plaintiffs.

Because Plaintiffs worked 165 hours during each 28-day work period, the City is not obliged to provide overtime pay under the Section 7(k). Summary judgment is therefore granted in favor of the City on this issue and against all Plaintiffs who work on the 28-day calendar schedule.

### II. Whether Plaintiffs' forty-minute meal breaks were not compensable work time is a matter to be decided by the fact-finder.

The City argues that Plaintiffs were entitled to a forty-minute daily break period that did not count as compensable "work" time because those periods were not spent predominantly for the benefit of the employer. Rather than working eight hours and fifteen minutes, each plaintiff typically worked only seven hours and 35 minutes during each scheduled work day. Therefore,

Defendant argues that even if it cannot invoke the Section 7(k) exemption, each Plaintiff still worked less than forty hours a week and could not prevail under the FLSA's general overtime provisions.

Bona fide meal periods are generally not considered compensable work time under the FLSA. 29 C.F.R. § 785.19(a). The Seventh Circuit has adopted the "predominant benefits" test for determining whether meal periods are work periods. *Barefield v. Village of Winnetka*, 81 F.3d 704, 710 (7th Cir. 1996). Under that test, a meal period is not work time if "the employee's time is not spent predominantly for the benefit of the employer." *Id.* FLSA requires remuneration for meal periods during which a police officer is unable comfortably and adequately to pass the mealtime because the officer's time or attention is devoted primarily to official responsibilities. *Alexander v. City of Chicago*, 994 F.2d 333, 337 (7th Cir. 1993). Resolution of this issue normally inappropriate for summary judgment because it requires factual determinations. *Barefield*, 81 F.3d at 710.

The record reveals a genuine issue of fact regarding whether Plaintiffs were actually required to work through their meal periods. While Plaintiffs in the Investigations Bureau enjoyed more freedom during their break periods than their counterparts in the Operations Bureau, both were subject to significant limitations on their activities and locations. Plaintiffs in the Investigations Bureau were required to monitor their radios on during their break periods and were subject to being recalled to active duty. SOF ¶ 51, 64. Plaintiffs in the Operations Bureau were also subject to those requirements, and additionally were required to receive clearance from Communications before taking a work break and to notify Communications at the end of the work break, and they could be restricted to taking a break on one side of the river, depending on

the circumstances. SOF ¶ 56. The latter plaintiffs were not permitted to take work breaks during the first or last hours of their shifts and could not take a break at a location where two police units were already present. *Id.* Department Standard Operating Procedure Section 41.1 states that "[t]here is no implied right to work break due to the nature of public safety work." *Id.* While there is some evidence as to the average duration of the break periods, SOF ¶ 66, there was no evidence regarding the percentage of Plaintiffs who voluntarily work through their break periods or who are not permitted to take break periods at all. SOF ¶ 62 (city dispatch center may preclude Plaintiffs from taking breaks at the time of his or her initial request if the patrol activities of a particular shift are too busy).

A reasonable jury could find that there were sufficient limitations on the break periods of either the Plaintiffs in the Investigations or Operations Bureaus so that those periods were predominantly for the benefit of the employer. Defendant's motion for summary judgment on this basis is therefore denied.

### III. The doctrine of laches does not apply to FLSA claims.

Defendant also moves for summary judgment on the basis of the equitable defense of laches, claiming that the FLSA claim is barred because Plaintiffs knew about, but did not challenge, Defendant's longstanding payment scheme. As a general rule, the defense of laches is inapplicable when Congress has provided a statute of limitations to govern federal statutory actions. *See generally Miller v. Maxwell's International Inc.*, 991 F.2d 583, 586 (9th Cir. 1993); *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162, 2171 (2007). The FLSA requires that claims for unpaid overtime compensation be brought within two years of the

violation, or three years for cases involving willful violations of the FLSA. 29 U.S.C. § 255(a). Though the Seventh Circuit has not addressed this issue, many courts have held that the doctrine of laches does not apply to FLSA overtime claims. *See, e.g.*, *Morrison v. Executive Aircraft Refinishing, Inc*, 434 F.Supp.2d 1314, 1320 (S.D. Fla. 2005); *Hesseltine v. Goodyear Tire and Rubber Company*, 391 F.Supp.2d 509, 525 (E.D. Tex. 2005); *Herman v. Suwannee Swifty Stores, Inc.*, 19 F. Supp.2d 1365, 1373 (M.D. Ga. 1998). Accordingly, Defendant's motion for summary judgment on grounds that Plaintiffs' claims are barred by the doctrine of laches is denied.

## CONCLUSION

There is no genuine issue of material fact regarding the establishment of a 28-day work period subject to the Section 7(k) overtime exemption. The Defendant's Motion for Summary Judgment with regard to Section 7(k) is GRANTED. Summary judgment on all other bases is DENIED.

        Enter:

        /s/ David H. Coar
        David H. Coar
        United States District Judge

**Dated:** October 9, 2008